Mechanics Nat. Bank of Newark *v.* Burnet Mfg. Co.

THE MECHANICS NATIONAL BANK OF NEWARK

*v.*

THE H. C. BURNET MANUFACTURING COMPANY and WILLIAM S. SQUIER.

1. When a change occurs in the officers of a corporation between the time it is brought into court and the time when its answer is filed, the answer must be filed by the persons who are officers at the time of the filing.

2. The acts of the *de facto* officers of a corporation are valid, so far, at least, as they create rights in favor of third persons.

3. A *de facto* officer is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law.

4. It is no defence to a suit brought by the *de facto* officers of a corporation that they were not legally elected.

5. A court of equity has no authority to determine the validity of the election of the officers of a private corporation, and pronounce judgment of amotion, but when the question of the validity of such an election necessarily arises in the determination of a suit properly cognizable by a court of equity, it will determine it, as it would any other question of law or fact necessary to be decided to settle the rights of the parties.

6. The discretion of the court in allowing answers to be amended should always be exercised cautiously, and leave should never be granted except when necessary to the doing of justice.

On motion by the complainants to suppress the answer of the defendant corporation, and, also, on an application by the defendant Squier for leave to file an amended answer.

*Mr. W. S. Whitehead,* for complainants.

*Mr. John Lilly,* for the defendant Squier.

*Mr. John Whitehead,* for the defendant corporation.

Mechanics Nat. Bank of Newark *v.* Burnet Mfg. Co.

THE VICE-CHANCELLOR.

This is a motion to suppress an answer. The suit is against two defendants, the H. C. Burnet Manufacturing Company and William S. Squier. The corporation has put in an answer under its seal and duly verified the seal. This is the usual method of authenticating an answer by a corporation. No objection is made to the form of the authentication. The objection goes much deeper. The complainants dispute the power and capacity of the persons who procured the answer to be filed, to act for the corporation; in other words, they deny that the answer is the answer of the corporation. It is not disputed that a new set of officers have assumed control since the corporation was brought into court.

The complainants ask for the suppression of the answer, first, because it should have been filed and authenticated by the persons who were in office, as its managers, at the time the corporation was brought into court, and not by those who have come into office since; and, second, because the officers now representing the corporation have no right to act for it or to bind it, they not having been legally elected.

The unsoundness of the first ground is so obvious that it is scarcely worthy of consideration. A corporation can only act by its officers. When an old officer is succeeded by a new one, the old becomes *functus officio.* He is officially dead, and has no more right or authority to act for the corporation than if he had never held office under it. When a corporate act is necessary to be done, it must be performed by the persons having authority to act at the time the act is done. If it is performed by a person not invested with the functions of the corporation when the act is done, it is not the act of the corporation. These are familiar principles.

The second objection seeks to impose upon the court the duty of determining the validity of the election of officers of a private corporation, as preliminary to the right of the corporation to assert a defence. The objection, it will be observed, is made by a stranger to the corporation. The

contest is not between two distinct boards, each claiming the exclusive right to act for the corporation, and demanding that the members of the opposing board shall be thrust aside as usurpers, but between the corporation and persons who have no voice in its management or control. Plainly stated, the proposition of the complainants is this : That unless a corporation elects or appoints its officers in a strictly legal way, it cannot make a defence in a court of equity, no matter how groundless the claim made against it, or how meritorious the defence. This is not the law. The managers or directors of a corporation are usually selected by its proprietors or stockholders ; whether they select eligible persons or not, or the persons selected are appointed in a legal way or not, is a matter of no concern to third persons. If the officers selected are ineligible, or are elected irregularly or illegally, but are allowed by the proprietors of the corporation to take control of its property, and to exercise its functions and powers, they become officers *de facto*, and as such may act for and bind the corporation. An officer *de facto* is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law. *King* v. *Bedford Level, 6 East 369.*

From a very early time it has been held that the acts of *de facto* officers are binding upon the corporation, until they are lawfully ousted, especially so far as their acts create rights in favor of third persons. *Angell & Ames on Corp.* § *287 ; Doremus* v. *Dutch Reformed Church, 2 Gr. Ch. 349.*

A suit brought by the *de facto* officers of a corporation, cannot be defeated by showing that such officers were not legally elected. That fact constitutes no defence whatever to the action, especially in a case where there are no other officers claiming to represent the corporation. *Charitable Association* v. *Baldwin, 1 Metc. (Mass.) 359 ; Green* v. *Cody, 9 Wend. 414.*

A court of equity has no jurisdiction to pass upon the validity of the election of the officers of a private corporation and pronounce judgment of amotion against them.

*Owen* v. *Whitaker, 5 C E. Gr. 122.* But where the question of the right or power of an officer to represent or bind a corporation arises incidentally in the course of a suit of which this court may properly take cognizance, and it becomes necessary to look into the legality of his election and the validity of his title, in order to properly determine the rights of the parties, this court will pass upon his title and capacity, as it would upon any other question of law or fact necessarily arising in the due determination of an action. *Johnston* v. *Jones, 8 C. E. Gr. 216.*

The complainant's motion must be denied, with costs.

The defendant Squier, by a separate answer, has also answered the complainant's bill. His answer omits certain facts upon which his co-defendant attempts to ground a defence. The omission was intentional, the answer having been drawn in its present form by his counsel, after a full disclosure of the facts and full consideration as to whether the omitted matter should be averred or omitted. He now asks leave to file an amended answer. An application to amend is always an appeal to the discretion of the court. It is a discretion that should always be exercised cautiously, and indulgence should never be granted except when necessary to the doing of justice. The additional defence or facts consist of matters which concern Mr. Squier's co-defendant so exclusively that it may be doubted, if they were waived or disclaimed by his co-defendant, in good faith, whether he could, on his own account, set them up as a defence or take advantage of them. No opinion, however, is necessary on that point. The defence is now before the court, in the answer of the defendant who has a right to urge it, if anybody has. There is no reason to doubt that it will be urged vigorously. The proofs in support of it, it would seem, are almost entirely under the control of the defendant who has set it up. If it is proved and declared to be valid, it will defeat the complainant's right to relief against both defendants. Under these circumstances, an amendment of Mr. Squier's answer does not seem to be necessary to his protec-

tion. In addition, it should be said his application comes very late; too late to give him a very strong claim upon the indulgence of the court. His application must be denied, with costs.