PAULO NATALIZZIO v. FILOMENA VALENTINO, ADMINISTRATRIX OF GABRIEL VALENTINO, DECEASED.

Submitted July 12, 1904—Decided November 14, 1904.

A servant employed by the month at a monthly sum, without excuse, left his employer after working eighteen days, and the next day was employed by the same master, by the week, at increased wages. He again left after working two days. *Held*, that he cannot recover for his eighteen days' services under his first employment.

On appeal from the First District Court of Newark.

The following is the state of the case: The plaintiff sues to recover wages as a workman in the bakery of the defendant. Prior to May 15th, 1903, the plaintiff was employed by the

defendant, at $37 a month, and when he had worked eighteen days on his work there was a strike of the bakers for higher wages, and the plaintiff left the defendant's employ. The defendant, the same day, sent her son to the president of the bakers' union, and arranged that the plaintiff return and go to work at $12 a week. He did so the same day, and on the pay-day, which came two days later, wanted his pay for the two days' work. The work was not paid for then and the plaintiff quit work for several days, when the two days were paid for, and plaintiff then went back and worked part of another week, but no claim is made for this last work, only for the eighteen days' part of a month. The plaintiff and the president of the bakers' union testify that the son of the defendant said the plaintiff would be paid for his past work if he came back and went to work under the new arrangement. The defendant's son denied this, and says that he insisted on the plaintiff filling out his month. He admits the plaintiff had been paid for the two weeks.

The court held that the making of a new arrangement for the employment of the plaintiff was not consistent with the demand that the plaintiff continue under the former employment, and in fact terminated that employment by mutual consent, and would not bar the plaintiff recovering for the eighteen days' labor. Judgment was given for the plaintiff for $28.14.

Before Justices FORT and REED.

For the appellant, *Gaetano M. Belfatto.*

For the appellee, *Henry Hahn.*

The opinion of the court was delivered by

REED, J. The employment of the appellee and plaintiff being for a month at a fixed sum, he having abandoned the service, without any excuse whatever, before the end of the term, he was not entitled to receive anything under his con-

tract. *Beach* v. *Mullin*, 5 *Vroom* 343; *Mather* v. *Brokaw*, 14 *Id.* 587.

The servant was permitted to recover on the ground that the contract for a monthly hiring had been rescinded by the parties, and thereby the plaintiff was remitted to a right to sue upon an implied contract for the value of his services.

It is to be observed that the new contract was for a week only, and this week was within the unexpired period of service under the original contract. It is to be further remarked that, so far as appears, nothing was said concerning the rescission of the original contract at the time the plaintiff was re-employed. It would seem, therefore, that the new arrangement was intended to pay increased wages for the same kind of service as the plaintiff was already bound to render.

The last hiring would therefore seem to lack a consideration to support it. *Harris* v. *Carter*, 3 *E. & B.* 559; *Hart* v. *Lauman*, 29 *Barb.* 410.

But, conceding that the second contract was valid, and conceding that it worked a rescission of the first hiring, it does not follow, as a legal conclusion, that the plaintiff can recover for his original services upon an implied *assumpsit*. *Thomas* v. *Williams*, 1 *Ad. & E.* 685; *Lamburn* v. *Cruden*, 2 *Man. & G.* 253.

Where the abandonment of a contract for services to be performed as a condition precedent to payment is caused by the fault of the employer, doubtless the servant can, as one of his remedies, resort to his action upon a *quantum meruit*. But when the abandonment of the contract is the result of a mutual agreement, the right to recover for services already rendered depends upon an express or implied contract that payment for such services shall be made. *Lamburn* v. *Cruden*, *supra*.

A promise to pay for services rendered under an abandoned contract must be supported by a consideration. *Rice* v. *Dwight Manufacturing Co.*, 2 *Cush.* 80.

In the present case, if such a promise is to be implied, it must rest upon the consideration that the plaintiff was to perform the substituted agreement.

In consideration of his returning to work, and working for at least a week, he was to receive $12, and be paid for his services already rendered under the old agreement.   As appears from the case stated, the plaintiff did not work for a week.   He did not become entitled to any part of the week's wages, nor to any other part of the consideration, including the wages sued for.

It is to be observed, also, that if the defendant made the express promise to pay which seems to have been sworn to by the plaintiff on the trial, the truth or untruth of which is not found by the District Court, the same difficulty would confront the plaintiff, namely, failure of the consideration for which the promise was made.

The judgment should be reversed.