NELSON G. LIVERMORE, HENRY B. KEMBLE AND WALTER WOOD, PLAINTIFFS IN ERROR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF MILLVILLE AND THE PEOPLE'S WATER COMPANY, DEFENDANTS IN ERROR.

Argued March 12, 1907—Decided June 17, 1907.

1. Under the act approved April 2d, 1888 (*Pamph. L., p.* 366; *Gen. Stat., p.* 2210), the city of Millville had power to contract with a water company for a supply of water, and to include in the contract an option to acquire the entire plant of the water company.
2. The option to acquire the plant by purchase, at a price to be fixed by commissioners, two of whom are to be appointed by each party, fixes, in the statutory sense, the terms upon which the plant is to be acquired.
3. The resolution of city council to acquire the plant, provided the purchase price should be fixed at a sum agreeable to the city, is, the water company assenting, a valid resolution.

---

On error to the Supreme Court.

For the plaintiffs in error, *Gaskill & Gaskill* and *Robert H. McCarter*.

For the defendants in error, *Louis H. Miller* and *Harry B. Gill* (of the Philadelphia bar).

The opinion of the court was delivered by

TRENCHARD, J. This writ of *certiorari* issued out of the Supreme Court brought up for review a resolution of the common council of Millville appointing commissioners to determine the price to be paid by the city for the purchase of the water plant, &c., of the People's Water Company, of Millville, under a certain contract between the city and that company.

Briefly stated, this contract, dated November 1st, 1901, provided that the city of Millville granted to the water company the right to lay pipes in the streets of the city, and the company agreed to lay the pipes, furnish water for the city and water for private consumers, the city agreeing to pay a certain stipulated sum per year per fire hydrant. It also provided for the exercise by the city of an option to purchase the plant of the company.

The option referred to is in the following language: "That the said mayor and common council of the city of Millville may, at any time after the completion of said water plant, and the test having been made, acquire the entire plant of the said People's Water Company, of Millville, N. J., its franchise, rights, privileges, mains, pipes, conduits and appurtenances and attachments, including all sources of water-supply and all other property, by purchase, the price to be so paid therefor to be settled and determined by four commissioners or persons, two to be selected by the said city of Millville and the other two by the said water company, its successors or assigns. In case the said four persons cannot agree as to the price to be paid therefor, they may select a fifth commissioner or person, and the determination and judgment of three of said commissioners or persons shall be binding and final as to the amount to be paid for said entire plant, property and rights."

The resolution of January 1st, 1904, now under review, after reciting the substance of this option, and that, in the opinion of common council, it was for the best interests of the citizens and taxpayers of the city of Millville that the municipality purchase the "water plant, property and ap-

purtenances, and the franchises, rights and privileges thereto appertaining, in pursuance of said option, provided the purchase price therefor shall be fixed, as aforesaid, as agreeable to common council," then resolved that two persons named were appointed commissioners for the purpose of fixing the price, and directing that a notice be served upon the water company requiring it to proceed to appoint two persons to act as commissioners for that company. The appointees of the city filed their acceptances of the appointment, and the water company also appointed two commissioners, who each accepted his appointment.

At this point the proceedings were arrested by the allowance of a writ of *certiorari,* prosecuted by three taxpayers of the city.

On the return of the writ the prosecutors filed many reasons for vacating the resolution, but they may all be resolved into two—*first,* want of power in the city to purchase the plant, and *second,* illegality of the method of purchase provided in the option clause of the contract.

The Supreme Court, after considering these reasons, regarded the resolution as valid, and made an order dismissing the writ (*Livermore* v. *Millville,* 42 *Vroom* 503), which judgment was brought by writ of error to this court. Without expressing any opinion as to the merits of the controversies presented by the reasons, this court affirmed such dismissal because of the absence of the People's Water Company as a party. *Livermore* v. *Millville,* 43 *Id.* 221.

The counsel of the prosecutors at once applied to the court for, and obtained, an order for a modified *remittitur,* granting the prosecutors permission to apply for a new writ of *certiorari,* in order to bring in proper parties. The present writ was then applied for and allowed.

On the return of the writ the record was the same as before, save the presence of the People's Water Company as a defendant. Substantially the same briefs were presented, and the writ was again dismissed by the Supreme Court, which judgment is now here for review.

We think that under the act entitled "An act to authorize

any of the municipal corporations of this state to contract for a supply, or a further or other supply, of water therefor," approved April 2d, 1888 (*Pamph. L., p.* 366; *Gen. Stat., p.* 2210), the city of Millville had power to contract with a water company for a supply of water, and to include in the contract an option to acquire the entire plant of the water company.

We also think that the option to acquire the plant by purchase, at a price to be fixed by commissioners, two of whom are to be appointed by each party, fixes, in the statutory sense, the terms upon which the plant is to be acquired.

We also think that the resolution of city council to acquire the plant, provided the purchase price should be fixed at a sum agreeable to the city, is, the water company assenting, a valid resolution.

We reach these conclusions for the reasons stated by Mr. Justice Reed in *Livermore* v. *Millville, supra.*

The result is that the judgment of the Supreme Court dismissing the writ of *certiorari* is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 13.

*For reversal*—None.