*54 Vroom.*          Robson v. Fenniman Co.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.

*For reversal*—None.

WILLIAM H. ROBSON, DEFENDANT IN ERROR, v. C. E. FENNIMAN COMPANY, PLAINTIFF IN ERROR.

Submitted March 25, 1912—Decided November 18, 1912.

1. Where both the term and the salary of the office of treasurer of a private corporation are annual and co-extensive, an incumbent who serves in the office during the full term is entitled to the full salary, although the amount of the salary was determined upon after his election to the office.

2. Action taken at a meeting of a board of directors at which every member was present binds the corporation, although no formal call for such meeting was had and no notice thereof was given to members of the board.

3. Where no minute is made of the proceedings had at a meeting of the directors of a private corporation, parol evidence of parties who were present is receivable for the purpose of proving such proceedings.

4. Where a person subscribes to the stock of a corporation, and he is admitted to membership in the corporation on the strength of his subscription, and thereafter exercises all the rights of a stockholder therein, his obligation to pay for the shares is fixed; and this is so although no certificate for such shares has ever been issued to him, or to anyone standing in his right.

On error to the Essex Circuit Court.

For the plaintiff in error, *Andrew Van Blarcom.*

For the defendant in error, *James E. Pyle.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action is brought by the plaintiff to recover unpaid salary, claimed to be due to him as treasurer of the defendant corporation, for the year beginning July 2d, 1908, and terminating July 2d, 1909. The trial resulted in a verdict in his favor for the full amount sued for; and the defendant now seeks a reversal of the judgment entered upon that verdict because of alleged errors occurring during the trial.

The defendant corporation was organized under the laws of the State of New York on the 2d day of June, 1908, with an authorized capital of $25,000. The amount of capital with which it proposed commencing business, as set forth in its certificate of incorporation, was $3,000, divided into thirty shares subscribed for by the incorporators (of whom there were three), as follows: C. E. Fenniman, fifteen; William H. Robson, fourteen, and Albert Van Winkle, one. The first meeting of the stockholders was held on July 2d, 1908. At that meeting by-laws were adopted, and a board of directors elected. On the same day the board of directors held a meeting and elected the plaintiff as treasurer of the corporation for a period of one year, that being the term of his office as fixed by the by-laws. Immediately upon his election he entered upon the performance of the duties of his office, and served in it during the ensuing year. The salary to be paid to the treasurer of the company was not determined upon at the board meeting of July 2d, but at a later one held by the board on the 6th day of August it was resolved that the treasurer be paid an annual salary of $2,000. At the trial the plaintiff claimed that, having served as treasurer for the full term for which he was elected, he was entitled to receive the whole of the salary which was attached to the office by the resolution of August 6th. The defendant claimed that he was only entitled to so much of the salary as was earned between August 6th, 1908, and July 2d, 1909. The court left it to the jury to determine this controversy, and they sustained the plaintiff's claim. The defendant duly excepted to this judicial action upon the

ground that the controversy was one for the determination of the court, not of the jury; and it now assigns error upon that exception.

We think the ruling was erroneous, but it was not harmful to the defendant. Both the term and the salary being annual, and co-extensive, an incumbent who serves in the office during the full term is entitled to the full salary; and the fact that the amount of the salary was determined upon after, instead of before, the plaintiff's election to the office, is immaterial in the absence of any claim that it was excessive.

The defendant attempted to show at the trial, in reduction of the amount of the plaintiff's claim, that at an informal meeting of the board of directors held in February, 1909, at which all of the directors and officers of the company were present, the financial embarrassment of the company having first been discussed, both the president and the treasurer of the corporation consented to a reduction of their salaries, and that the plaintiff entered into an agreement with the president and directors by the terms of which he was thereafter to accept the sum of $25 per week in lieu of his salary, and to waive payment of all salary that was then in arrears. The offered proof was objected to—*first,* upon the ground that the meeting of the board was not a formal and regular one, and that for this reason the agreement said to have been entered into at that meeting did not bind the corporation; and *second,* upon the ground that the proof offered was by the mouth of witnesses who were present at the meeting, instead of by the minutes of the corporation. The grounds of objection were considered by the trial court to be well founded, and the testimony was thereupon excluded. Exception was taken and allowed to this ruling, and error is now assigned upon it.

We think the proof offered was competent. The fact that the meeting of the directors was held without a formal call first being had, and notice thereof given to the members, did not operate to invalidate it, or to render the proceedings which were taken at it void, for every member of the board

was present, and their joint action as completely bound the corporation as if the meeting had been called with due formality, and every one of the directors had received proper notice of it. *Breslin* v. *Fries-Breslin Co.*, 41 *Vroom* 280; *Murphy* v. *W. H. & F. W. Cane, Inc.*, 53 *Id.* 557; *Handley* v. *Stulz*, 139 *U. S.* 417. As to the method of proof: It appeared that no entry of the proceedings had at the meeting in question was made in the minute book of the company. But the failure on the part of the secretary of the board to perform this clerical duty did not operate to nullify the corporate action. Conceding that if the proceedings had been recorded in the minute book, and afterward approved by the board, that record would be the best evidence of what the transactions were, it does not follow that, in the absence of such record, no other evidence could be resorted to. On the contrary, all that is required to prove such transactions, in the case of a private corporation, is the best evidence available; and so, when no minute thereof has been made, parol evidence of parties who were present is receivable for the purpose. *Wells* v. *Rahway White Rubber Co.*, 4 *C. E. Gr.* 402; *McMichael* v. *Brennan*, 4 *Stew. Eq.* 496.

The defendant at the trial asserted a right to set off against the claim of the plaintiff his unpaid subscription for fourteen shares of the corporate stock of the defendant company made by him at the time of the latter's incorporation. The plaintiff admitted that the subscription had not been paid by him, but contended that the obligation to make the payment did not rest upon him, but upon Fenniman, one of the incorporators, for the reason that the latter had agreed with him at the time of the formation of the company to pay into the corporate treasury the amount of plaintiff's subscription as well as his own. Plaintiff further contended that no obligation rested upon him to pay his subscription because, as he undertook to show, no certificate of stock representing that subscription was issued and outstanding, either in his own hands, or in those of any one claiming through him. The trial court properly overruled the first of

these contentions, but left it to the jury to determine whether the second one was sustained by a preponderance of the evidence, and charged them that "if the company has parted with fourteen shares of stock to Mr. Robson, or to someone for him, for which he was to pay, and for which he has not paid, and which is still outstanding against the company, the set-off is good. If not, the set-off fails." The defendant now challenges the validity of this portion of the charge.

We think the instruction complained of was erroneous. The subscription of the plaintiff, and its acceptance by the corporation, were considered by both parties as constituting the plaintiff a stockholder of the company. The proofs show that he acted as such by attending all stockholders' meetings held from the date of the organization of the company until the expiration of his term of office as treasurer and voting thereat. Having subscribed for the shares, and having been admitted to membership in the corporation on the strength of his subscription, his obligation to pay for the shares became fixed. *Cook Corp.*, § 69, and cases cited. And that is so although no certificate of shares was ever issued to him, or to anyone standing in his right, for he was not entitled to receive such certificate in advance of his making such payment.

It is contended that the plaintiff's obligation to pay his subscription did not arise until demand had been made upon him by the company to do so, and that the proofs in the case do not disclose that any such action was taken by the defendant. We cannot concede that the plaintiff's obligation to pay his subscription did not become binding until demand for such payment was made upon him. *McCarter, Receiver, v. Ketcham,* 45 *Vroom* 825, would seem to be an authority to the contrary. But assuming the contention to be well founded, we consider the claim made by the defendant by way of set-off a sufficient demand to establish the plaintiff's liability.

The judgment under review will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

