SAMUEL FELD, ADMINISTRATOR OF THE ESTATE OF RE-
BECCA FELD, DECEASED, AND ROSE F. GROSSMAN,
INDIVIDUALLY AND AS ASSIGNEE OF SAMUEL FELD,
AND GERTRUDE FROST, PLAINTIFFS-RESPONDENTS,
v. JOSEPH FELD & COMPANY, A CORPORATION, DE-
FENDANT-APPELLANT.

ROSE F. GROSSMAN, INDIVIDUALLY AND AS ASSIGNEE
OF GERTRUDE FROST AND SAMUEL FELD, AND SAM-
UEL FELD, ADMINISTRATOR OF THE ESTATE OF RE-
BECCA FELD, DECEASED, PLAINTIFFS-RESPONDENTS,
v. JOSEPH FELD & COMPANY, A CORPORATION OF
THE STATE OF NEW JERSEY, DEFENDANT-APPEL-
LANT.

Argued October 17, 1940—Decided January 28, 1941.

For the plaintiffs-respondents, *Weinberger & Weinberger*
(*Joseph J. Weinberger*).

For the defendant-appellant, *William R. Vanecek* and
*Eugene F. Frey*.

The opinion of the court was delivered by

WOLFSKEIL, J. This appeal represents a culminating stage in a long family feud that commenced with the death of the father, Joseph Feld, in 1935, and arose over the disposition of his intestate estate. The decedent father was the principal stockholder in Joseph Feld and Company, a corporation which operated a slaughter house in South Hackensack and also a retail meat establishment in Passaic. Joseph Feld was survived by his widow, Rebecca Feld, and by six children. The family ranged itself in two groups, one composed of the widow, two daughters, Rose F. Grossman and Gertrude Frost, and a son, Samuel Feld, who is a lawyer, while the other consisted of the three other sons, Morris E. Feld, Charles Feld and Saul Feld, who, during the lifetime of the father, had been minority stockholders in Joseph Feld and Company. All of the parties sought and secured legal advice, and they endeavored to compose their differences through an agreement made November 4th, 1935. This rested on the formation of a new corporation, known as Feld Brothers, Inc., organized by Morris E. Feld, Charles Feld and Saul Feld, to carry on the business previously conducted by Joseph Feld and Company, with the latter concern leasing to the new corporation all its property of a ten-year period, and with the stock divided so that the first group and the second group collectively were to have an equal number of shares.

The part of the agreement pertinent to the litigation relates to rent that was to be paid by Joseph Feld and Company to the widow, Rebecca Feld, during her lifetime at the rate of $85 per week, and after her death at $60 per week. The $85 rent was paid for some time, and then gradually Joseph Feld and Company fell into arrears. Two suits were started by David Bayarsky, assignee of Rebecca Feld, against Joseph Feld and Company for recovery of rent arrearage. These resulted in judgments for the plaintiff upon direction for verdicts by the trial judge. The judgments were affirmed by the Supreme Court, but were set aside by the Court of Errors and Appeals, "without prejudice to a new action or actions at law or in equity, or both, based on the substantial rights of the parties." This is reported in 123 *N. J. L.* 194. The

basic reason for the reversal was procedural and technical, rather than being related to the merits, for it was grounded on the commencement of the suit by the single plaintiff, instead of by the four persons designated in the agreement as having an ownership or interest in the rent. The widow died during the pendency of the first appeal.

The two suits for the rent arrearages were amended and consolidated following upon the determination of the first appeal. Judgments were entered for the plaintiff in each instance, and these judgments are the subject of the present review.

The instant appeal addresses itself to practically every phase of the two suits. It is more indicative of the intensity of the antagonism between the parties and the ardent wish by any means to avert defeat in this family struggle, rather than demonstrative of merit in the appeal itself, for there is recourse to many matters patently futile and frivolous. We have examined all the points raised, and even as to those which call for more deliberated consideration, there is no aid for appellant's position, for in final analysis they concern themselves with factual questions, which were appropriately submitted to the jury. Evidence is present in both cases to support the determinations reached by the jury, so that there is no justification for disturbing those determinations.

An element stressed by appellant is that in the Bayarsky suit certain affidavits made for plaintiff stated the $85 rent was payable to Rebecca Feld alone, and not to her and her two daughters and son Samuel, so that a claim in the name of the four was in contradiction to the first form of the claim.

It was contended by appellant that for this reason the amended complaint should have been stricken. That, however, is merely one of the factual controversies presented. It was competent for the jury to decide the matter of the ownership of the rents, and that issue was properly left to the jury.

Appellant argued against the admissibility of the agreement between the parties, and urged there was no consideration for the undertaking of defendant corporation to pay the rent. But the evidence showed that confirmatory resolutions and instruments were executed between the parties to

supply consideration. The rent obligation was created through resolution of a closed family corporation to make effective a family settlement executed by all the beneficiaries. It was supported by valid consideration and could not be revoked. *The Coast National Bank* v. *Bloom,* 113 *N. J. L.* 597. The principle is well grounded that so far as public policy and the interests of creditors and third parties are concerned, stockholders may bind themselves *inter sese* and for the corporation, and what will bind all the stockholders with respect to an obligation from the company to one of its members will bind the company. It is also settled that unanimous consent and acquiescence of stockholders acted on by parties concerned, to an extent which will materially change their position, preclude the assenting stockholders as individuals, and the corporation as such, from setting up legal formalities in matters of internal concern that affect only the interests of the stockholders. The overthrow of rights acquired on the faith of such acquiescence will not be permitted. The present situation is within the principles thus enunciated. The argument by defendant that there was no consideration by the shareholders to the company is without merit, for definite benefits came to it by reason of the agreement. *Cf. Breslin* v. *Fries-Breslin Co.,* 70 *Id.* 274.

Appellant contends that its directors adopted a resolution subsequent to the agreement, reducing the payments to Rebecca Feld and a later resolution discontinuing payments to her, and that this was binding upon the plaintiff, so that there was error on the part of the court in rejecting proof of these acts and in keeping that issue from the jury. The evidence shows there were four directors. Two of them sought to avoid the rent obligation. They were also directors of Feld Brothers, Inc. In such a posture they could not either in fairness or in law or equity act without notice to the other directors, nor could a unilateral resolution of one contracting party abrogate a contract without the consent of the other parties to the contract.

Another point argued is that Rebecca Feld was verbally notified of the intended reduction, that she agreed to it, constituting evidence of a parol modification of the agreement.

However, there was no proof of any consideration for this modification, assuming defendant's allegation to be correct, nor would an assent on the part of Rebecca Feld, as only one of four interested parties, bind the other three. This at best is also a factual matter. *Haynes Auto Repair Co.* v. *Wheels, Inc.,* 115 *N. J. L.* 447.

None of the numerous points urged by appellant furnish any basis for altering the findings of the jury. The judgments are accordingly affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.