The bill of complaint in this cause was filed for the purpose of compelling the defendant to specifically perform a contract for the sale of real estate in the Town of West New York, Hudson County.
On November 4th, 1943, the complainant, as tenant, and the defendant, as owner, entered into a written lease of the *Page 477 
premises for a term of five years. The lease and a supplemental agreement, hereinafter referred to, were recorded in the office of the register of Hudson County. The lease, among other things, contained the following provisions:
"6. The tenant is hereby given the further option to purchase the demised premises for the sum of Eleven Thousand Two Hundred Fifty ($11,250) Dollars, payable Five Thousand ($5000.) Dollars on closing of title, and the balance by a 5-year purchase money mortgage, with interest at 5% per annum, and providing for amortization of Five Hundred ($500.) Dollars per year, the said option to be exercised on or before August 1, 1946, by notice in writing addressed to the Landlord.
"In the event of the exercise of this option by the Tenant and the closing of title to the demised premises, the Parties hereto will enter into an agreement providing for the continuance by the Landlord of this obligation to supply heat to the demised premises, even after the closing of title, in return for the payment by the Tenant (purchaser) of one-third of the cost of the fuel consumed by such heating unit; it being understood and agreed that these obligations shall cease and terminate when, as, and if, a heating unit shall be installed by the Tenant (purchaser) in the demised premises.
 * * * * * * *
"11. Upon the exercise of the option to purchase premises given to the Tenant herein, the parties will enter into a contract for such sale and purchase, title to close thirty days after the execution of the contract. Contract shall provide that the premises will be conveyed by full covenant and warranty deed, free from all liens and encumbrances, subject to such state of facts as an accurate survey will disclose, provided however, that such facts shall not render the title unmarketable."
After the execution of the lease, the parties entered into a supplemental agreement on December 9th, 1943, whereby the defendant granted to the complainant, his tenants, agents, servants, visitors and licensees, an easement of access and egress over a portion of the defendant's premises and a further easement to the complainant, his heirs and assigns, of the right to use a portion of the basement measuring twelve feet by fifteen feet as a boiler room or for storage space. This supplemental agreement also provided as follows:
"* * * provided that if the Party of the Second Part, (complainant) his heirs or assigns, shall exercise the option granted by the terms of the aforesaid lease for the purchase of the leased premises, the easements and rights herein granted shall run perpetually *Page 478 
as easements and rights appurtenant to and running with the land thus to be conveyed and as a burden on the land of the adjoining premises known as 436 — 51st Street, West New York, N.J."
Pursuant to the provisions of paragraph 6 of the lease, the complainant, on July 16th, 1945, through his solicitors, notified the defendant in writing that he elected to exercise the option to purchase the premises.
On August 23d 1945, the defendant, through its attorneys, Eisenstein Eisenstein, wrote to the complainant setting forth certain stipulations and conditions which should be inserted in the contract between the parties: The letter closed with the following paragraph:
"If the above provisions are acceptable, we will be ready to fix a date for closing of this contract, to take place at this office."
Complainant replied to the foregoing letter under date of August 27th, 1945. The reply contained various comments relative to the stipulations and conditions set forth in the letter of the defendant's attorneys. There was no rejection by the complainant of any of the stipulations and conditions. The defendant apparently did not regard the letter of August 27th, 1945, as a rejection for the reason that the attorneys of the defendant wrote to the complainant's solicitors again on September 5th, 1945, which letter closed with the following paragraph:
"In conclusion, therefore, we advise that our client is fully prepared to enter into a contract for the sale of this property along the lines suggested in our previous communication, (letter of August 23) which again we say are in line with the conditions contemplated at the time of the original agreement and are in no respect unreasonable or burdensome to your client."
On November 8th, 1945, solicitors of the complainant wrote to the defendant and unequivocally accepted all of the stipulations and conditions set forth in defendant's letter of August 23d 1945. This letter of November 8th also stated that the complainant would appear at the offices of the defendant's attorneys on November 15th, 1945, at which time complainant would be prepared to accept a deed or would enter into a contract with the defendant for the sale of the premises. *Page 479 
On November 15th, 1945, the complainant and his solicitor appeared at the office of the defendant's attorneys, which was also the registered office of the defendant corporation, and presented a contract of sale, a bond, mortgage, an agreement relative to heating, and certified checks in the required amount. Complainant and his solicitor were then and there informed by the defendant's attorney, Mr. Eisenstein, who is an officer of the defendant corporation, that neither a contract of sale nor a deed would be executed and delivered.
The defendant insists that this court cannot decree specific performance for the reason that the parties have not yet settled the terms of the contract which was contemplated by the parties under the lease. Defendant also contends that the provisions of the lease require the execution of a formal contract for the sale of the premises which has not been entered into.
Complainant contends that the contract contemplated by the parties is fully set forth by the correspondence, the provisions of the lease, and the supplemental agreement.
I am of the opinion that complainant's contention is correct. See Moran v. Fifteenth Ward Building and Loan Association,131 N.J. Eq. 361, 366, wherein it is said:
"When parties enter into negotiations and reach a tentative agreement, but do not intend to be bound until a formal contract be executed, they cannot be held to their tentative bargain. But if the negotiations are finished and the contract between the parties is complete in all its terms and the parties intend that it shall be binding, then it is enforceable, although lacking in formality and although the parties contemplate that a formal agreement shall be drawn and signed."
Applying the above rule to this case, it appears that the negotiations were finished and the contract was complete in all its terms. The defendant in its letter of August 23d 1945, intended that the conditions and stipulations contained therein were to be binding upon the complainant. The complainant, by his letter of November 8th, 1945, unequivocally accepted them. These letters, together with the provisions of the lease and supplemental agreement relative to the option to purchase the premises, concluded a good and valid contract *Page 480 
between the parties which this court will specifically enforce.
The contention of the defendant that its attorneys were not authorized to bind it in this transaction is not well taken. Paragraph 5 of defendant's answer impliedly admits the existence of an agency between it and its attorneys. Aside from such admission, the law of this state is that authority to sign a memorandum or agreement for the sale of lands may be conferred by parol, and the authority so conferred will satisfy the provisions of our statute of frauds. Proof of parol authority must be established by clear and decisive evidence, otherwise the provisions of the statute of frauds may be evaded. Such authority may be established by proof that it has been expressly conferred, or by proof of circumstances from which its grant may be reasonably inferred. See Lindley et al. v. Keim, 54 N.J. Eq. 418; Monahan v. McElligott, 136 N.J. Eq. 306, 310; affirmed,137 N.J. Eq. 176. It appears to me that the authority to bind the defendant has been established in this litigation by circumstances from which its grant may be reasonably inferred. The defendant's attorney, Mr. Eisenstein, who negotiated with the complainant, was an officer of the defendant corporation. Every communication sent by complainant's solicitors to the defendant was answered by the attorneys of the defendant. The reasonable inference is, therefore, that the defendant, which was a family corporation, authorized its attorneys to act in its behalf in this transaction.
The easement contained in the supplemental agreement should be included in the deed to the premises.
The above opinion has been written after I rendered my decision from the bench for the reason that I understand an appeal has been taken to the Court of Errors and Appeals. *Page 481