8 N.J. Super. 204 (1950)
73 A.2d 730
DAVID HERMAN, PLAINTIFF-APPELLANT,
v.
SOL BRICKMAN, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1950.
Decided June 6, 1950.
*205 Before Judges JACOBS, DONGES and BIGELOW.
Mr. J. Mortimer Rubenstein argued the cause for the appellant (Mr. Milton Schamach, attorney).
Mr. Joseph J. DeLuccia argued the cause for the respondents (Mr. A. Leo Bohl, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal by plaintiff from a directed judgment for defendants entered in the Passaic County Court.
The defendant Brickman, as tenant, entered into a lease for five years beginning March 1, 1944, with the plaintiff Herman, as landlord, for premises to be operated as a poultry and fish market. The lease provided that the tenant could renew it for five years upon giving the landlord three months' written notice. The tenant was authorized to assign the lease to a corporation in which he was a stockholder but his liability was not to be affected by the assignment. In 1947 the lease was assigned to Brickman Corporation. The original stockholders, directors and officers of Brickman Corporation were Brickman, Levenson and Zofnas. The stock of Levenson was transferred to Sachs and under date of April 1, 1948, to Goldberg. The stock of Zofnas was transferred to Tennenbaum under date of April 1, 1948. Brickman's stock was *206 never transferred and he is still its owner. No formal corporate minutes or resolutions were prepared but Tennenbaum testified that he, Goldberg and Brickman were "the only ones in the corporation"; he and Goldberg worked at the market and Brickman came in "to help"; and they had frequent meetings during which they discussed their business. Tennenbaum further testified that he and Goldberg were president and secretary, respectively, but he did not understand what "directors" were and he did not know of any meeting at which a vote for directors was taken.
Mr. Waks, a member of the New Jersey bar, testified that he was attorney for Brickman Corporation and on November 19, 1948, Tennenbaum, Goldberg and Brickman met at his office and instructed him to serve notice that the corporation was exercising the option to renew the lease. Under date of November 22, 1948, Mr. Waks addressed a letter stating that Brickman Corporation thereby exercised its renewal option and on November 23, 1948, it was served upon the plaintiff by a constable. By an amended complaint filed April 11, 1949, the plaintiff sought possession of the leased premises alleging that Brickman Corporation had never properly exercised the renewal option. His position apparently was that after Tennenbaum and Goldberg became stockholders there never was an election of new directors and consequently there never was any duly authorized exercise of the option.
Although the internal corporate procedure of Brickman Corporation has been attacked, there is no suggestion of bad faith in its operations. The plaintiff never requested formal corporate resolutions or further corporate notice or action and there is no indication that he was in any wise prejudiced by their omission. The option was exercised by written notice from the corporation's agent pursuant to express authority and direction from all the persons interested as stockholders, officers or otherwise; under the circumstances, there is no reason to question its binding effect upon the corporation. See Kuser v. Wright, 52 N.J. Eq. 825, 830 (E. & A. 1894); Feld v. Joseph Feld & Co., 126 N.J.L. 153, 156 (E. & A. *207 1941). The fact that there were no corporate minutes of the meeting during which the exercise of the option was directed in no wise impairs the action taken. See Robson v. Fenniman Co., 83 N.J.L. 453, 455 (E. & A. 1912). Similarly, the failure to elect new directors after Tennenbaum and Goldberg acquired their stock did not deprive the corporation of power to exercise the option with full protection for the landlord as well as itself. See Murphy v. W.H. & F.W. Cane, Inc., 82 N.J.L. 557, 563 (E. & A. 1912), where Chancellor Pitney said:
"It is of course a necessary corollary that where there are no directors de jure the agency may be created in favor of third parties by the conduct of the directors de facto, and that where the functions normally pertaining to a board of directors are in the particular instance performed by the stockholders themselves, they by common consent dispensing with the election of directors, the agency for the company may result as clearly as if action by a board of directors had intervened, for such directors would themselves be no more than agents for the body of stockholders."
Our courts have frequently been called upon to deal with the situation where a small corporation has been operated in good faith but with deplorable deficiencies in its internal corporate procedure; no reluctance has been displayed in binding the corporation by action authorized by the interested persons despite the absence of formal corporate meeting and resolution; it would seem neither consonant nor just to hold that Brickman Corporation, under these decisions, is fully obligated under the exercise of its option, as it has at all times acknowledged, and at the same time permit rejection at the pleasure of the other party. Cf. Ritz Realty Co. v. Eypper & Beckmann, 101 N.J. Eq. 403, 408 (Ch. 1927); affirmed, 103 N.J. Eq. 24 (E. & A. 1928); Zuendt v. Eisenstein, 139 N.J. Eq. 476, 480 (Ch. 1947); affirmed, 140 N.J. Eq. 472 (E. & A. 1947); Royal Blue Coaches, Inc., v. Delaware River Coach Lines, Inc., 140 N.J. Eq. 19, 23 (Ch. 1947); app. dis., 2 N.J. 73 (1948). In the light of the authorities and the undisputed facts presented, we consider that the deficiencies *208 in the internal corporate procedure of Brickman Corporation did not affect the plaintiff and there would be no sound policy or reason for permitting him to assert them or seek advantage therefrom. Cf. Mechanics National Bank of Newark v. Burnett Manufacturing Co., 32 N.J. Eq. 236, 238 (Ch. 1880).
The judgment below is affirmed.