**In re MICHAEL J. HUGHES & CO.**

**No. 7167a.**

United States District Court
D. New Jersey.

Feb. 27, 1953.

578

Grover C. Richman, Jr., John J. Barry, Newark, N. J., for the United States.

William Harris, Newark, N. J., for trustees.

Max L. Rosenstein, Newark, N. J., for Crowe Machine Co.

MEANEY, District Judge.

This proceeding arises on a petition to review a decision of the Referee in Bankruptcy allowing a tax claim of the Collector of Internal Revenue.

The claim in suit was filed on April 22, 1952. An order was obtained by the trustees of the bankrupt, directing the Collector to show cause why said claim should not be reduced or expunged. At the hearing on the order there was great controversy concerning the validity of a certain tax waiver or consent. Since the statute of limitations has run on the taxable year in question, it is conceded that if the waiver is invalid the claim should be dismissed.

At the conclusion of the hearing and after oral arguments the Referee ordered that the claim be allowed. Subsequently he issued a memorandum opinion setting forth his conclusions and the reason therefor. Feeling aggrieved at the entry of this order, the trustees and the Crowe Machine Company, a creditor, filed petitions for review of said action.

Originally and during the taxable period here involved, Michael J. Hughes & Company was owned and operated by Michael J. Hughes, Peter Bouterse and Nicholas Thul. Subsequently these three holders of all the stock of said corporation desired to sell out. On November 7, 1947, the transaction was consummated. The sellers thought that they were selling to one Henry Scharf but actually Scharf had borrowed the money from one Samuel Feldman, and Feldman was to be the owner of the stock until the loan was repaid. At the same time the sellers and the purchaser entered into an escrow agreement for the purpose of indemnifying the sellers against any claim or loss resulting from the failure of the corporation to liquidate certain taxes. Feldman signed this agreement and is also listed therein as one of the contracting parties, namely the stockholder.

On the same day various corporate officers were elected, Feldman being named as vice-president. On December 23, 1947, Feldman, for the corporation and in his capacity as vice-president, executed a consent or tax waiver which provided that taxes for the taxable year ending January 31, 1945, could be assessed on or before January 30, 1949.

 The Referee concluded that Feldman was in fact the vice-president, was in charge of the corporation's financial affairs, was the sole stockholder of said corporation and had the authority to bind the corporation by signing the tax waiver.

Addressing our attention first to the Referee's fact conclusions, the Court finds itself in complete agreement therewith. Consideration of the oral testimony and the exhibits reveals evidence more than sufficient to sustain these fact findings. Feldman's status as vice-president, sole stockholder and controller of financial affairs finds support not only in the direct uncontradicted testimony of several witnesses but also in the physical evidence. This consisted of a record of checks signed by him as vice-president and the escrow agreement where he is listed as sole stockholder. Since the findings in question are not clearly erroneous, they should not be disturbed. See In re Sadler, D.C.N.D.Cal.S.D.1952, 104 F.Supp. 886; In re Tumen, D.C.D.N.J.1944, 58 F. Supp. 210.

The next action of the Referee which we are called upon to review is his conclusion that Feldman had authority to act for the corporation when he signed the waiver. Generally when a corporate officer acts in behalf of the corporation in relation to a third party, the controlling question is

whether he had authority to do so. This authority may be actual or apparent. In the instant matter the solution is made difficult by the peculiar internal procedure under which Michael J. Hughes & Company was operating. Feldman was the sole and therefore controlling stockholder. He was the vice-president and the corporate officer in charge of financial affairs. If his acts, at least in the field of corporate finance, could not bind Michael J. Hughes & Company, it is difficult to see whose acts could. While in a corporation with proper internal management procedures the signing of a tax waiver might properly belong to the office of president, or even be governed by a resolution of the board of directors, internal affairs were not so conducted in the corporation with which we are dealing. Here one man, the vice-president and sole stockholder, with the knowledge and acquiescence of at least two of his fellow officers handled the financial affairs.

The courts of New Jersey have not hesitated to bind corporations by acts authorized by the interested persons despite the fact that there have been glaring deficiencies in the internal management structure of the corporation. See Herman v. Brickman, Super.Ct.App.Div.1950, 8 N.J.Super. 204, 73 A.2d 730. The present facts call for an application of this general principle. Particularly pertinent is the decision of the Court of Errors and Appeals in Murphy v. W. H. & F. W. Cane, Inc., E. & A. 1912, 82 N.J.L. 557, 82 A. 854. That case dealt with the authority of a corporate officer to bind the corporation, and the facts there presented are very similar to the present case. In fact the corporate structure presented in the instant matter seems to fall precisely into the law enunciated in that case. There the court was presented with a situation where a corporation had dispensed with the election of directors and the adoption of by-laws. Officers had been elected annually and one of these, the president, represented the corporation in the making of contracts. On these facts it was held that a jury question was presented as to the authority of the president to bind the corporation. It was further held that " * * * where the functions normally pertaining to a board of directors are in the particular instance performed by the stockholders themselves, they by common consent dispensing with the election of directors, the agency for the company may result as clearly as if action by a board of directors had intervened; for such directors would themselves be no more than agents for the body of stockholders." See Murphy case, supra, 82 N.J.L. at page 563, 82 A. at page 856.

Feldman, the sole stockholder chose not to elect a board of directors. Instead he had a slate of officers, of which he was vice-president. Since as vice-president he conducted the financial affairs, his act in signing the tax waiver for the corporation as vice-president was, on the authority of the above case, the act of the stockholder and thus the act of the corporation. As sole stockholder his was the right to say how the corporation's internal affairs should be managed and by whom. This he did in the manner indicated by the evidence. This Court can conceive of no other result save that the waiver is valid and binding.

▇ Petitioner, Crowe Machine Company, objects to the Referee's statement of the question presented, on the ground that it lacks the requisite preciseness and certainty. The Bankruptcy Act provides the basis for the Referee's action in this respect. See 11 U.S.C.A. § 67, sub. a(8). That section merely provides that in connection with the preparation of a certificate for review the Referee should include " * * * a statement of the questions presented * * *." Here the Referee stated the ultimate question to be determined. However, a reading of the briefs of the parties clearly shows that they had a firm grasp of the ultimate question and its ramifications. It would thus seem that the defect, if any, has been cured by counsel themselves.

Subsequent to the entrance of the order here complained of, the Crowe Machine Company petitioned for the reopening of the proceedings. This petition was heard and denied and is not before the Court on this review.

The action of the Referee in allowing the claim of the Collector of Internal Revenue is affirmed.